IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 2:22-CV-4440<br><br>[Removed from the Pennsylvania Court of Common Pleas of Philadelphia County, Case No. 220902864] |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Bank of America, National Association ("BANA") hereby removes this case from the Pennsylvania Court of Common Pleas of Philadelphia County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

(1) **CAFA Jurisdiction**:  This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 because minimum diversity exists, the amount of controversy exceeds $5 million, and the number of members of the proposed putative class in the aggregate is at least 100 class members.

In support of this Notice of Removal, BANA states as follows:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. On or about September 28, 2022, Plaintiffs Gary Nelson and Kayleigh Potter ("Plaintiffs") filed a Class Action Complaint in Case No. 220902864, titled *Nelson v. Bank of America, National Association*, in the Pennsylvania Court of Common Pleas for Philadelphia

County (the "State Court Action").  A copy of the Class Action Complaint in the State Court Action is attached hereto as **Exhibit 1**.

2. Plaintiffs assert a claim against BANA in its role as "an auto lender to redress [alleged] systemic violations of Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa. C.S. § 9601, et seq."  The Plaintiffs assert that "[t]he UCC requires secured parties who utilize self-help repossession to provide consumers with proper notice when repossessing and reselling a financed vehicle."  Compl. ¶ 1.

3. BANA was served with the Complaint in the State Court Action on October 6, 2022.

4. Plaintiff Gary Nelson ("Nelson") is a resident of Reading, Pennsylvania.  Compl. ¶ 5.

5. Plaintiff Kayleigh Potter ("Potter") is a resident of Pittsburgh, PA.  Compl. ¶ 6.

6. BANA is a national banking association with its main office located in Charlotte, North Carolina.  *See* **Exhibit 2**, Declaration of Cheryl L. Gil ("BANA Decl."), at ¶ 3.

7. Plaintiffs assert claims against BANA for violation of the Uniform Commercial Code ("UCC").  *See* Compl. ¶¶ 52-54.

8. Plaintiffs and Class Members seek the minimum statutory damages pursuant to 13 Pa.C.S. § 9625(c)(2).  Compl. ¶ 36.

9. Plaintiffs seek to represent a putative class of "All Persons (a) who financed the purchase of a motor vehicle for consumer use through [BANA] or who financed the purchase through another entity but such finance agreement was thereafter assigned to [BANA]; (b) from whom [BANA], as secured party, repossessed the vehicle or ordered it repossessed; (c) who had a

Pennsylvania address as of the date of repossession; (d) in the period commencing six years prior to the date of filing of the Complaint through the date of class certification." Compl. ¶ 40.

10. Plaintiffs allege that "there are many members in the Class, making the Class so numerous that joinder of all members is impractical." Compl. ¶ 41.

## II. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

11. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

12. As required by 28 U.S.C. § 1441, BANA seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania, which is the District Court embracing the place where the State Court Action has been filed.

### A. Minimal Diversity Exists

13. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2).

14. For diversity purposes, "a corporation shall be deemed to be a citizen of any State

by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). BANA is a national banking association with its main office located in North Carolina. *See* BANA Decl. at ¶ 3. *See Wachovia v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banking associations be deemed citizens of the state designated in its articles of association as the locus of its main office); *Liptok v. Bank of America, N.A.,* 773 F. App'x 97, 99 (3d Cir. 2019).

15. Plaintiffs are alleged to be citizens of Pennsylvania. Compl. ¶¶ 5-6. Diversity therefore exists between the parties under CAFA.

### B. The Putative Class Consists of More Than 100 Members

16. Based on BANA's preliminary investigation of the putative class, as alleged, there are 1,041 BANA accounts that fit the criteria of the class as defined by Plaintiffs. *See* BANA Decl. at ¶ 6. The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

### C. As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million

17. Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. *See* U.S. C. § 1332(d)(2).

18. To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

19. Here, Plaintiffs do not allege a specific amount in controversy. Thus, the Court may consider the Notice of Removal and other relevant documents concerning the amount in

controversy. *See The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322-23 (E.D. Pa. 2001) (in assessing amount in controversy, "the court must first look to the complaint . . . . [and] may also look to the Notice of Removal, stipulations . . . affidavits, and other documentation that is relevant to the value of the claims at issue"); *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). "Because the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." *Lorah v. SunTrust Mortg., Inc.*, No. CIV.A. 08-703, 2009 WL 413113, at *5 (E.D. Pa. Feb. 18, 2009), as corrected (Feb. 19, 2009) (citations omitted).

20. Under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

21. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction:

> [I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to ***expand substantially federal court jurisdiction over class actions***. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

S. Rep. 109-14, at 42-43 (emphasis added).

22. "[F]ederal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount." *Kaufman*, 561 F.3d at 151 (citing *Frederico v. Home Depot,* 507 F.3d 188, 194 (3d Cir. 2007)).

23. Here, Plaintiffs and Class Members seek the minimum statutory damages pursuant to 13 Pa.C.S. § 9625(c)(2) of "not less than the credit service charge plus 10% of the principal amount of the obligation without evidence of harm". Compl. ¶ 36. Plaintiffs set forth that "statutory damages are derived from a simple, straightforward and uniform arithmetic calculation" based on figures "plainly visible on and determinable from the face of the consumer's Retail Installment Sale Contract." *Id.* ¶¶ 37-38.

24. While BANA denies any liability as to Plaintiffs' claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interests and costs, exceeds the sum of $5,000,000.[1] BANA's establishment of the amount in controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiffs claim to be able recover if they prevailed on their claims.

      **i.**    **Statutory Damages Pursuant to 13 P.C.S.A. § 9625(c)(2)**

25. Based on BANA's preliminary investigation of the putative class, the class as alleged includes 1,041 accounts. BANA Decl. at at ¶ 6.

26. Based on BANA's preliminary investigation, the minimum statutory damages that Plaintiffs seek under 13 C.S. § 9625(c)(2) for 1,041 members of the putative class, as alleged, are $14,887,101.63. *Id.* at ¶¶ 7-9.

---

[1] BANA does not concede and reserves the right to challenge Plaintiffs' theory of liability and damages.

27. Pennsylvania Statute Section 9625(c)(2) provides, in pertinent part: "a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this chapter may recover for the failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price." 13 Pa. C.S. § 9625(c)(2).

28. Based on BANA's preliminary investigation, the total amount of credit service charges for 1,041 BANA accounts in the putative class, as alleged, is $11,145,474.96]. *See* BANA Decl., ¶ 7. Further, based on BANA's preliminary investigation, ten percent (10%) of the principal amount of the obligations of the 1,041 BANA accounts in the putative class, as alleged, is $3,741,626.67.

29. Accordingly, added together ($11,145,474.96 in credit service charges plus $3,741,626.67 in the statutory percentage of the principal amount owed), the minimum statutory damages provided by Section 9625(c)(2) are $14,887,101.63.

30. Thus, in terms of minimum statutory damages alone, the amount-in-controversy far exceeds the jurisdictional threshold under CAFA.

        ii.      **Alternatively, the Named Plaintiffs' Damages Separately Confirm that the Amount in Controversy is Met**

31. Although it is clear from the 1,041 accounts held by the putative class that the amount in controversy is well above the jurisdictional requirement under CAFA, Plaintiffs' statutory damages further confirm the amount in controversy is met to a legal certainty.

32. Courts allow confirmation of the amount in controversy by taking damages sought by the named plaintiff and multiplying by the number of putative class members. *See e.g., Frederico,* 507 F.3d at 199 (plaintiff's damages multiplied by potential class members alleged

satisfied statutory minimum); *Clean Air Council v. Dragon Int'l Grp.,* No. 1:CV-06-0430, 2006 WL 2136246, at *4 (M.D. Pa. July 28, 2006) (CAFA amount in controversy met by multiplying potential class members by potential damages); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (threshold met based on the damages alleged in plaintiffs' petition multiplied by the alleged number of class members potentially harmed); *Carter v. Westlex Corp.,* 643 F. App'x 371, 375 (5th Cir. 2016) (same)*; Faltaous v. Johnson & Johnson,* No. CIV.A. 07-1572 (JLL), 2007 WL 3256833, at *11 (D.N.J. Nov. 5, 2007) (same).

33. The minimum statutory damages under 13 Pa.C.S. §9625(c)(2) is "an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price."

34. The Retail Installment Sales Contracts ("RISC") of the Named Plaintiffs can be utilized to separately confirm the amount in controversy.

35. The RISC of Plaintiff Nelson provides that the finance charge for the purchase of the vehicle was $5,412.41 and the principal amount financed was $24,570.55. *See* BANA Decl., ¶ 10 at Exhibit A. Plaintiff Nelson seeks to recover $7,869.47 in minimum statutory damages ($5,421.41 credit service charge + $2,457.06 (10% of the principal obligation)).

36. The RISC of Plaintiff Potter provides that the finance charge for the purchase of the vehicle was $8,127.35 and the principal amount financed was $38,418.40. *See* BANA Decl., ¶ 11 at Exhibit B. Plaintiff Potter seeks to recover $11,969.19 in minimum statutory damages ($8,127.35 credit service charge + $3,841.84 (10% of the principal obligation)).

37. Taking Named Plaintiffs' potential average minimum statutory damages ($9,919.33), and multiplying that number with 1,041 putative class members that fit the criteria as alleged in the Complaint, the amount of minimum statutory damages would conservatively total

$10,326,022.50. Even this conservative calculation of minimum statutory damages across the putative class, confirms the $5 million amount in controversy is met to a legal certainty.

38. Accordingly, the minimum statutory damages under 13 Pa.C.S. §9625, without even taking into account potential bars to recover the deficiency balances under the UCC, injunctive relief, and attorneys' fees establish that the $5 million amount in controversy jurisdictional requirement under CAFA is met.

### D. Defendant is Not a State or State Official

39. Defendant BANA is not a state nor a state official.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

40. This action has not previously been removed to federal court.

41. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

42. BANA filed this Notice of Removal within 30 days of October 6, 2022, the date on which BANA was served with the Class Action Complaint. The Class Action Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after the receipt by BANA of service of any paper giving it notice that the action was removable.

43. A copy of this Notice of Removal is being filed with the State Court and served upon Plaintiffs in accordance with 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon BANA in the State Court Action are attached hereto as **Exhibit 3**.

45. Removal to this Court is appropriate. Pursuant to 28 U.S.C. §1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

46. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by BANA of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of BANA's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. BANA expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

47. None of the exceptions contained in 28 U.S.C. § 1332(d) prevent this Court from exercising jurisdiction over this class action.

48. Therefore, this case may be removed because (i) there is diversity of citizenship between the parties; (ii) this is a civil class action for monetary relief in which more than 100 persons are proposed to be tried jointly; (ii) the amount in controversy exceeds $5 million, exclusive of interests and costs; and (iv) no exceptions apply.

WHEREFORE, BANA hereby removes the above-captioned action now pending in State Court to the United States District Court for the Eastern District of Pennsylvania.

Dated: November 4, 2022                     Respectfully submitted,

                                            **McGUIREWOODS LLP**

                                            /s/ *K. Issac deVyver*
                                            K. Issac deVyver (Pa. Id. 202655)
                                            Karla Johnson (Pa. Id. 307031)
                                            McGUIREWOODS LLP
                                            Tower Two-Sixty
                                            260 Forbes Avenue, Suite 1800
                                            Pittsburgh, PA 15222
                                            Telephone: (412) 667-6057
                                            Facsimile: (412) 402-4187
                                            Email: kdevyver@mcguirewoods.com
                                            Email: kjohnson@mcguirewoods.com

                                            Brian E. Pumphrey (*pro hac vice to be filed*)
                                            McGUIREWOODS LLP
                                            Gateway Plaza
                                            800 East Canal Street
                                            Richmond, VA 23219-3916
                                            Telephone: (804) 775-7745
                                            Facsimile: (804) 698-2018
                                            Email: bpumphrey@mcguirewoods.com

                                            *Attorneys for Defendant*
                                            *Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 4, 2022, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Cary L. Flitter
Andrew M. Milz
Jody Thomas Lopez-Jacobs
Flitter Milz, P.C.
450 N. Narbeth Ave., Suite 101
Narbeth, PA 19072

>   */s/ K. Issac deVyver*
>   K. Issac deVyver
>
>   *Attorney for Defendant*
>   *Bank of America, N.A.*